IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MICHAEL LEE MESSICK, JR.,**

       **Petitioner,**

v.                                                     **Civil no. 3:05-cv-52**
                                                          **Crim no. 3:99-cr-42(5)**
                                                           **(Judge Broadwater)**

**UNITED STATES OF AMERICA,**

       **Respondent.**

## REPORT AND RECOMMENDATION

On June 3, 2005, the *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. On July 11, 2005, I determined that summary dismissal of the petition was not warranted and directed the respondent to file an answer. Petitioner filed a brief in support of his § 2255 motion and the respondent subsequently filed an answer. This case is before me for an initial review and report and recommendation pursuant to LR PL P 83.01, et seq.

## I. Procedural History

### A Conviction and Sentence

Petitioner was indicted in the United States District Court for the Northern District of West Virginia on August 19, 1999. On October 13, 1999, petitioner pled guilty to distributing crack cocaine in violation of Title 21 U.S.C. § 841(a)(1). On January 5, 2000, petitioner was sentenced to a term of imprisonment of 155 months.

### B. Direct Appeal

Petitioner did not file a direct appeal of his conviction and sentence.

## C.  First Federal Habeas Corpus

On March 22, 2000, petitioner filed his first Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  The respondent was directed to file a response to the motion, and did so on April 12, 2000.  Petitioner filed a traverse to the respondent's response on May 22, 2000.  After the filing of some supplemental pleadings by both parties, the petitioner's § 2255 motion was denied on November 20, 2000.

On February 26, 2001, petitioner filed a notice of appeal.  The Fourth Circuit dismissed petitioners' appeal on May 31, 2001.  On May 24, 2003,  petitioner filed a motion for relief from judgment with the Fourth Circuit.  That motion was denied on June 27, 2003.

## D.  Other Collateral Proceedings

On February 13, 2004, petitioner filed a motion for modification of sentence in this Court.  The United States filed a response on March 11, 2004.  Petitioner also filed a motion for a downward departure on March 22, 2004.  On September 20, 2004, November 15, 2004, and March 28, 2005, the Court conducted hearings on the petitioner's motions.  By Order dated April 4, 2005, this Court granted petitioners' motion for a reduction in sentence and imposed a term of 121 months incarceration.  Consequently, the Court issued an Amended Judgment Order on April 11, 2005.   Petitioner did not appeal his amended sentence.

## E.  Second Federal Habeas Corpus

### Messick's Contentions

On June 3, 2005, petitioner initiated this case under § 2255. In the petition, and the brief in support, petitioner asserts the following grounds for relief:

(1) his sentence is unconstitutional in light of the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), because

2

(a) the federal sentencing guidelines are unconstitutional; and

(b) his sentence was enhanced by factors not considered by a jury;

(2) counsel was ineffective for not objecting to the unconstitutional enhancement;

(3) the Court improperly double-counted the number of pills in determining relevant conduct; and,

(4) counsel was ineffective for not objecting to the double-counting.

**Government's Response**

In its response to the motion, the respondent asserts that petitioner's § 2255 motion should be denied because

(1) the second § 2255 motion does not set forth new issues that originated at the time of re-sentencing, therefore, the motion should be dismissed as a second or successive petition;

(2) petitioner's re-sentencing occurred after Booker was decided, therefore, his sentence was not imposed under the mandatory sentencing guidelines and Booker has no bearing on petitioner's re-sentencing procedure;

(3) petitioner waived the issues raised in his second § 2255 motion because he did not file an appeal of his re-sentencing;

(4) to the extent that petitioner challenges the legality of his original sentence, Booker is not retroactive to cases on collateral review; and,

(5) the amount of relevant conduct was stipulated by the parties at the Rule 11 plea hearing, in the original plea agreement, and again at re-sentencing, therefore, it was not necessary to prove that conduct beyond a reasonable doubt.

## II. Analysis

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving

that his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States of America, 2006 WL 36859 *2 (E.D.Va Jan. 4, 2006).

**A. Successive Petition**

To the extent that petitioner asserts claims arising from the original sentence imposed in January of 2000, those claims should be dismissed as successive. Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, in order to bring a second or successive habeas petition, the petitioner must first receive authorization from the appropriate court of appeals. See 28 U.S.C. § 2255. A second or successive motion will only be certified by the Court of Appeals if it contains (1) newly discovered evidence that would establish by clear and convincing evidence that no reasonable juror would have found the movant guilty or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. Id.

Here, petitioner filed a motion with the Fourth Circuit Court of Appeals for authorization to file a second or successive habeas petition, presumably pursuant to the Supreme Court's decision in Booker.[1] However, Booker is not retroactive on collateral review. See United States

---

[1] In Booker, the Supreme Court held that the mandatory nature of the federal sentencing guidelines violates a defendant's Sixth Amendment right to a jury trial because a judge, not a jury, determines facts which could increase the defendant's sentence beyond the sentence which could be imposed based on jury fact finding. Accordingly, the Court severed the unconstitutional provisions from the Sentence Reform Act and made the guidelines advisory.

v. Morris, 429 F.3d 65, 72 (4th Cir. 2005). Therefore, the Fourth Circuit denied petitioner's request on February 18, 2005. See Doc. 386. Accordingly, any claims in the instant case that relate to the original sentence, should be dismissed as successive. For that reason, the undersigned will only specifically address claims related to petitioners' re-sentencing.[2]

**B. Ground One**

In ground 1(a), petitioner asserts that his sentence is unconstitutional because the Court applied the mandatory sentencing guidelines at his resentencing. However, as noted by the respondent, petitioner was resentenced more than three months after Booker was decided. Thus, the Court was well aware of the Booker decision at that time and did not unconstitutionally apply the mandatory federal sentencing guidelines to petitioners' amended sentence. Accordingly, ground 1(a) should be denied.

In ground 1(b), petitioner asserts that his sentence was unconstitutionally enhanced by factors not considered by a jury. However, as noted by the respondent, petitioner's relevant conduct was stipulated to in the original plea agreement and again at re-sentencing. Therefore, there was no need to otherwise prove relevant conduct beyond a reasonable doubt and ground 1(b) should be denied.[3]

**C. Ground Two**

In ground two, petitioner asserts that counsel was ineffective for failing to object to his

---

[2] Pursuant to In re Taylor, 171 F.3d 185, 187-188 (4th Cir. 1999), a motion is not second or successive if the petitioner seeks to raise only issues originating from a re-sentencing hearing. Thus, the petitioner may seek to vacate an amended sentence without authorization from the court of appeals. Id.

[3] To the extent that petitioner argues that his original sentence is unconstitutional in light of Booker, that argument is foreclosed by the Fourth Circuit's decision in United States v. Morris, 429 F.3d 65 (2005) (finding that Booker has not been made retroactively applicable to cases on collateral review).

5

unconstitutionally enhanced sentence. However, the undersigned has already determined that petitioner's sentence was not unconstitutionally enhanced. Therefore, counsel could not be deficient for failing to object and petitioner suffered no prejudice. See Strickland v. Washington, 466 U.S. 668 (1984) (finding that in order to sustain an ineffective assistance of counsel claim, petitioner must demonstrate that counsel's representation was deficient, and that, but for that deficiency, the results of the proceedings would have been different.)

**D.  Ground Three**

In ground three, petitioner asserts that the Court improperly double-counted the number of pills in determining relevant conduct. This issue should have been raised on direct appeal and is waived. See United States v. Frady, 456 U.S. 152 (1982) ("[A] final judgment commands respect. For this reason, we have long and consistently affirmed that a collateral challenge may not do service for an appeal."); see also Bousley v. United States, 523 U.S. 614 (1998) (finding that the failure to raise a claim on direct appeal may result in a procedural default barring collateral review).

"In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." United States v. Mikalajunas, 186 F.3d 490, 492-493 (4th Cir. 1999). In this case, petitioner has done neither.

**E.  Ground Four**

In ground four, petitioner asserts that counsel was ineffective for failing to object to the improper double-counting of pills. However, the respondent notes that the basis for petitioner's

re-sentencing was an amendment to the sentencing guidelines that lowered the weight attributed to a pill. Response at 9, n. 3. Because petitioner and his co-defendant's made similar arguments related to this amendment, the hearings on this issue were mostly all inclusive. Id. at 9. Accordingly, each defendant presented the Court with an assessment of what he or she thought was the appropriate weight calculation under the amendment. Id. The government also presented its assessment of the appropriate weights. Id. Not surprisingly, the defendant's assessments did not match the government's assessments. Id. at 10. As a result, the issue of double-counting was raised by one of petitioner's co-defendants. Id. However, the court considered that argument as to each defendant. Id. at 9-10.

With regard to the issues of weight and relevant conduct, the Court found that despite the amendment to the sentencing guidelines, each of the defendants was still bound by his or her stipulation in the original plea agreements. Id. Therefore, the Probation Office was directed to conduct an independent calculation of the weights to be attributed to each defendant. Id. The assessment by the Probation Officer landed in between the positions taken by the parties. Id. Thus, that assessment was agreed to by the parties and was thereby adopted by the Court. Id.

With this in mind, the undersigned finds that counsel was not ineffective. Even if petitioner's counsel was not the one who objected to the alleged double counting, this failure was neither deficient nor prejudicial. The objection was made and the issue was considered as to each defendant. Therefore, there was no need for each defendant's individual counsel to make the same objection. Moreover, petitioner cannot prove prejudice as he agreed to the assessment of the Probation Officer. Because petitioner cannot show that counsel's performance was either deficient or prejudicial under Strickland, ground three should be denied.

### III.  Recommendation

The undersigned recommends that the Court enter an Order **DENYING** the petitioner's § 2255 motion and **DISMISSING** the case with prejudice.

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections.  A copy of such objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge.  Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.[4]

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to the *pro se* petitioner and any counsel of record.

DATED: April 11, 2006.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE

---

[4] 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).